Good morning, Your Honors. My name is Kenneth Gordon. I represent the appellant, R. Todd Nielsen, who is the trustee of the bankruptcy estate of Noel Olshan. I think the first issue I'd like to touch on is the jurisdiction aspect, unless the Court wants me to proceed further. I have some concern, serious concern about the merits, and because the Internal Revenue Service took a broad shot at this thing didn't mean that it didn't hit the mark on some portion of it, right? I think the first issue I'd like to touch on is the jurisdiction aspect, unless the Court wants me to proceed further. I have some concern about the merits, unless the Court wants me to proceed further.  The concession that the Court is referring to has to do with a stipulation of fact as to an adjustment. Right. It did not have to do with a stipulation as to the tax that was due. No, not as to tax due, but as to taxable assets and taxable income. As to non-business income and as to business deductions. All right. What's happening then is because the assessment has got that label, arbitrary and capricious, the court, district court at this point at least, has thrown it out completely, whereas in part it's correct by reason of the stipulations made. No, Your Honor. The case law, I think, especially in the Stonehill case, very clearly sets forth that if the proof of claim is deemed to be arbitrary and erroneous, it hits the whole proof of claim, not merely one aspect of the underlying tax liability. The fact that the taxpayer says I had some income of X dollars and now that becomes non-taxable? No, Your Honor. The question has to do with the burden of proof, number one. It has to do with the whole determination of what is a proof of claim. Once a proof of claim has been deemed erroneous, the burden is on the government, the claimant, to establish a precise dollar amount. Does the government rely on the taxpayer's own statement? All the stipulation said was that there is an adjustment. There is some taxable income. There was no evidence of tax. So the taxpayer has made a concession that he has taxable income, and you take the claim then to wipe that out? No, Your Honor. I don't take the claim in that fashion. The bankruptcy court held that the proof of claim that was submitted was arbitrary and erroneous, and as such, it is up to the government to establish a precise dollar amount of their claim. There was not one speck of evidence introduced at the lower court as to what the dollar amount of that claim should be. I thought there was. No, Your Honor. There was a joint statement and the trustee's own expert who testified as to an amount of business income that had been underreported. The amount, if I might address the aspect of the accountants for the trustee in a moment, the amount of income does not necessarily mean tax. It is an adjustment. There has to be computations as to what the tax is, and that takes into account procedures. We were talking about income that was not properly declared. The tax gets calculated after you determine the amount of underreported income, and the trustee's accountant testified that $388,000 worth of business income was underreported, and the stipulation covers underreporting of non-business income and overcharging of deductions. So there was evidence that established the basis for adjusting the returns. Insofar as the testimony through declarations of the accountants for the trustee, those declarations specifically state that their reconstruction were reasonable approximations of what taxable income might be. It is not a precise number. It was never meant to be. It's never a precise number, is it, when you come to calculating income? It's an indirect reconstruction of income by the method utilized as such that should have been utilized properly would set forth an approximate amount of income. Now, if the government should do it. If a fraud case has got some loose wheels in it for a nickel here and a dollar there, I mean, it is those methods of computing income are never precise to the penalty. I grant you that, Your Honor. However, depending on if the government has the burden of proof or the taxpayer has the burden of proof, in most of these cases, the government has the presumption. But the matter of fact is that before the bankruptcy court there were in the district court were numbers. And if one were to make the mathematical calculations would lead to a tax liability. Now, do you disagree with that? Greater than the tax liability set forth in a return. There is no evidence that was ever produced in the court. For instance, one thing that might affect it would be the seizures by the government pursuant to the jeopardy assessment before any tax can be properly calculated. Those seizures must be taken into account. The seizures are in effect a tax deposit. If a taxpayer makes a deposit through withholding, once you calculate the tax, you have to then apply those deposits and you come up with a tax due, a deficiency. That's per statute in the Internal Revenue Code, Your Honor. There is no evidence in the lower court presented by the government as to what the proper amount of their claim should be. It doesn't make any difference who presented it. The question was, was there evidence before the court? There was no such evidence of tax due, what the proper amount of tax would be. We're not talking about tax due. We're talking about the amounts of underreporting or excessive claims of deductions. The tax calculation comes at the very end of the process after you determine what the returns should have been and were not. So tax? And at that point, you consider the credits that they're entitled to as a result of the jeopardy assessment. In their brief, the government makes the argument under a local district court rule and a tax court rule, Rule 155, that they can submit such a computation post-trial. Those rules are not applicable in a bankruptcy court, Your Honor. In a bankruptcy court and … Bankruptcy court is not part of the district court? They operate, and I cited in my briefs, as to the bankruptcy rules and on the local bankruptcy rules. And it specifically states those rules are applicable in a bankruptcy court setting, not the local rules of the district court. Bankruptcy court, yes, is part of the district court, but they have very specialized rules. And this Court has recognized the special jurisdiction of the bankruptcy court. Now, Rule 155 of the tax court rules, which provides for post-judgment calculation of tax, is inapplicable in a bankruptcy court setting. So what does that mean as a practical matter? As a practical matter, Your Honor, the government had a responsibility since they had the burden of proof here. They had no presumption of correctness. They submitted a proof of claim. They should have presented evidence at the time of trial, not at some point subsequent to trial, as to what the proper amount of their claim should be. The proof of claim says tax. That's right, Your Honor. Well, that's just a matter of applying the tables and calculating. Not necessarily, Your Honor. If it was that simple, and let's assume for the sake of argument that it is, why didn't the government do it? They could have done it. Well, that really isn't a good enough reason to accept the bankruptcy court's decision, is it? Well, there is no dollar amount beyond which the tax per return is stated on which a judgment could be rendered as to what a proof of claim should be, in a specific dollar amount as set forth in the bankruptcy rules. Well, the bankruptcy court issued a judgment that set forth specific dollar amounts, not of tax, but of deficiencies, right? The bankruptcy court judgment sets forth the proof of claim as to tax due per return for 91 and 92. On 94 and 95, Your Honor, there was no question. Stick with 91, 92. Fine, Your Honor. That is tax per return. The court held that the government did not present any evidence as to what the tax should be beyond the tax stated per return. Okay. And the district court made no finding with respect to the understatement of any taxable income, despite the joint stipulation, right? As to the joint pretrial stipulation deals with non-business taxable income and business, substantiation of businesses. I'm looking at the question of whether there is a fact that comes out of that stipulation that says there is additional taxable income, and that both parties have signed the stipulation. The joint stipulation of facts, yes, Your Honor, does state there is additional taxable income. There is no stipulation as to what tax is or what the proof of claim in the end should be. Okay. I think I understand. Is there any authority for the proposition that the failure to include the amount of tax due in a proof of claim is fatal to it? That is, that the government must introduce evidence establishing the amount of tax due, as opposed to simply the deficiencies. The bankruptcy rules state what a proof of claim should contain, and on the proof of claim is a column that says tax. The government's proof of claim specifically sets forth the amount of tax, sets forth the amount of interest and penalties, then sets forth priority, non-priority, unsecured amounts. It's very specific. Those determinations were held to be arbitrary and erroneous. The dollar amounts that were sworn to by the government when they submitted their proof of claim are not true. It is then up to the government to establish what the proper amount of the tax should be. They had every opportunity during a trial. There were two agents, for instance, part of the record that testified. Well, you're assuming that a finding of arbitrary and erroneous with respect to the business income infects the whole claim, even though the rest of the claim is subject to stipulation and supported by trustees' testimony. And the Stonehill case says quite the contrary, doesn't it, that you look at each item distinctively and separately to determine whether it's arbitrary? The Stonehill case does say that, Your Honor, but it also stands for proposition that if the arbitrariness is so pervasive. That's right. That's what it says. But can you say that in this case? Yes, Your Honor, I can. Where the stipulation establishes the deficiencies in the non-business income and the excess claims and deductions. Given what went on in this case and the deficiencies, not in the sense of pure tax, but the erroneous treatment and development by the case by the IRS, the bankruptcy court held in their findings that the arbitrariness permeated the entire proof of claim and that the proof of claim was flawed in its entirety. And it is for that reason that the proof of claim lost its presumption of correctness. It is then up to the government to establish under the burden of proof rules what the exact amount of that proof of claim is. Well, I understand what you're saying, but I have difficulty following the argument that the claim for non-business income and deductions is so arbitrary and capricious that it is infected by what was done in the business income that the burden of proof is shifted as to all of the claim. The matters that were not stipulated to that were tried. Well, if I might rephrase that. The business income matters that were tried. And everything that went into that development by the IRS was so egregious, Your Honor, that it was. I hear you say that, but give me an example. What what's egregious about the amount of non-business income deficiency that was stipulated to? What's egregious about that? It was stipulated to. And I would not pretend to stand here, Your Honor, and argue that it's a over-stipulated fact. Well, then what's egregious about that part of the claim and the claim for non-business deductions? When the claim is taken as a whole, Your Honor, and the entire behavior of the IRS and what it did and didn't do is take it into account, it is this arbitrariness that permeates the entire proof of claim. And that's what the bankruptcy court held. And I believe Stonehill, Your Honor. If this claim or any part of it were allowed, is it non-dischargeable? It depends what year, Your Honor. There are parts that are set forth. 91, 92. 91 is a secured amount because of the jeopardy assessment. Okay. And 92? And 92. Is there a fraud claim? There was a fraud claim in the proof of claim. And that's gone out with the claim then, right? Yes, Your Honor. Okay. So it would be a dischargeable debt except to the secured amount? Yes, Your Honor. Okay. So you do have still a live pending claim depending upon what resolution we make at the Ninth Circuit, right? Well, the proof of claim has been approved in a certain amount by the bankruptcy court. I understand. But if there's any change to it, it's still open question before the bankruptcy court if that's what we do. If we gave a partial remand for some computations, it would go back and would be recomputed, right? Yes, Your Honor. Okay. And that would be dischargeable or nondischargeable? You say it's the 91, it's the 92, it might be discharged. It would be a secured amount. Yes. Okay. It would be nondischargeable. Three minutes and 20 seconds. Okay. I'd like to reserve that amount of time for rebuttal, Your Honor. Okay. We'll hear from the governor. May it please the Court, my name is Sam Lambert, appearing on behalf of Appley, United States of America. Not used to being a bankruptcy court, are you? No, I'm not. It's all different. It's like ours, right? It is a little different, Your Honor. Why didn't the government include the amount of tax due in its proof of claim? In the original proof of claim, the government did include amount of tax due. However, when the proof of claim was objected to, there was disagreement about what debtor's income was. And Your Honors can appreciate that it would be very difficult to calculate an amount of tax due before the bankruptcy court has ruled on the amount of income that debtor had. Well, if you take the stipulated amount and we were to remand to the district court, could the tax be computed? The tax could be computed. It's a very complicated matter. What's complicated about that? You've got just so much additional income, and within the range of the rates, wherever you are on the schedule, plus the interest and penalties. Right. It's a mathematical computation, isn't it? The stipulated amounts could be calculated. However, since there were other factual issues such as under- Let's assume for a minute that we conclude that all the other factual issues were correctly decided. As to the stipulated amounts, the computation would be relatively simple, would it not? As far as I know, yes. Okay. I would like to turn to the jurisdictional issue because I think that this court has recognized a couple of narrow exceptions to the finality rule. However, the main one at issue here is whether or not there's a legal issue, the disposition of which would obviate the need for remand to the bankruptcy court. Is there a clear legal issue about the application of the Stonehill rule in this case? There is a legal issue regarding the burden of proof. However- It's dispositive, essentially, of the rest of the case, is it not? I submit that it is not dispositive. Or pivotal. That's a better word. Let me explain it this way. The burden of proof with respect to the unreported business income has already been decided. The district court affirmed the bankruptcy court as to that matter. Then you're not appealing to that? No. Okay. So the burden of proof there is already decided. The other issues are all stipulated. So however the burden of proof is assigned on those matters is regardless of how the burden of proof is assigned, the bankruptcy court's determination is clearly erroneous because the facts are stipulated. So no matter how this court- if this court decided the burden of proof issue, it would still need to be remanded to the bankruptcy court for further factual findings. There's still also a legal question as to the reach of the finding that the claim is arbitrary and capricious, right? And to whether that extends to all phases of the taxpayer's business and non-business income. I guess that issue does not seem to be central because even if- because that relates only to the burden of proof. Even if we assume that the burden of proof is given also to the government on every issue, because the facts are stipulated, the burden of proof no longer matters. Well, that assumes that on remand you would not offer any new evidence, for example, on the business claim, business income claim. On the business income, the burden of proof has already been assigned. But for the unreported non-business income and for the overstated expense deductions, the stipulated facts are there. That's the only place where the burden of proof could have been incorrect by the bankruptcy court. However, because in those areas the dollar amounts are stipulated, the burden of proof will not make a difference on those issues. So there's no dispositive legal issue that this court can look at. And the mere fact that this court could be manned to the district or could reverse the district court is not enough to grant this court jurisdiction. Because this court can always reverse the district court, but this court does not always have jurisdiction. One example of such cases, Stanley v. Crossland. In that case, this court could have reversed the district court, which would have eliminated the need for remand. However, this court found there was no jurisdiction. So the mere fact that the district court can be reversed is not enough to grant jurisdiction. So if we if we leave things as they are, then you want this to go back for the district court to enter a final judgment and then you'll be back to see us. Well, well, this this if the court hears this, then it is likely that this issue, this very same issue will come back again. In other words, did the bankruptcy court enter clearly erroneous findings? And additionally, on the jurisdictional issue, the Stanley v. Crossland case says that even if there is a dispositive legal issue, this court should apply the violent factors to see whether or not it makes sense to have jurisdiction. And the violent factors weigh against the court finding jurisdiction in this case. The first part, the first factor about piecemeal litigation has already discussed. The main issue here is whether or not the findings of the bankruptcy court were clearly erroneous. Which findings on the non-business income and the deduction? All of the findings, the non-business and the business. But I thought you were not challenging the finding. We're not we're not telling the burden of proof. We're not challenging the finding about the burden of proof. However, I'll discuss the merits a little bit later and explain why the district court or the bankruptcy court. It was clearly erroneous in its finding of zero unreported business income. The other filing factors also weigh against doing exactly the same thing as the bankruptcy court. I'm going to say the district court. We would be doing exactly what the district court did, wouldn't we? This court's analysis would be similar. However, there's some there's some differences. For instance, the district court determined that the bankruptcy court correctly decided the burden of proof issue with respect to unreported business income. The government did not appeal that issue. So there is a slight difference. And that is why the burden of proof issue is no is it is not dispositive at this level. Going on through the filing factors, it's clear that there's no irreparable harm if this court waits for the bankruptcy court to make further findings. And here's the appeal later. It's just it is not it's not judicially efficient for this court to find jurisdiction every time the bankruptcy court got exactly 100 percent right. It would. But like I explained earlier, it's not enough. Just that this court can reverse and we could save a lot of trouble. Amen. Right. Right. Here there is. It depends on which permutation you choose to select to decide whether or not this is judicially efficient. Yeah. I mean, you sort of going through these factors and you're arguing them based on your your right. So selected selected permutation. But of course, this court has to make a jurisdictional determination before looking at the merits. And when you argue something like whether or not this would this would save time. Well, you know, you can't just pick one scenario and argue that you have to consider all the possible outcomes. Right. Well, the the other. You know, you can argue whatever you want, but it's not very persuasive when you say, well, given that we think we're going to win anyway. Right. But the other outcome is that this court reverses the bankruptcy court. But that that alone is not enough to grant jurisdiction. If the only reason that this court says it has jurisdiction is because it can reverse the district court, then this court would always have jurisdiction. And that simply is not the case. That's not what the case law demands. Case law demands an independent legal issue, the resolution of which would would eliminate the need for the fact finding. And that type of legal issue is not apparent in this case. I'll move on to the merits issues. In this case, the bankruptcy court, instead of trying to determine the amount of income there was or the amount of taxes due, the bankruptcy court focused in on whether the IRS had correctly used its methodology. It did not. The government has admitted that errors were made and that was not what the trial was about. The trial is to determine the correct amount of debtors income. But the minute the government assumes a burden and you adopt it, what you are trying to do is a modified network fraud case. It really didn't work very well. No. You quite candidly concede that. So, no, that's not what the trial was about. Sure, the trial was about tax, but you also did a lot of pretrial work on this. And both sides have some view of what we're thinking, where the agreements and disagreements lie. And you went forward and presented those to the court and you're not happy with the way it came out. But the question is, is just a question of law or is it a question of factors? Just a question of mechanics applying some tables to and statutory language to certain fixed dollar amounts. Well, the stipulated amounts are one reason why the bankruptcy court's judgment was clearly erroneous. As as your honors mentioned, the party stipulated to approximately three hundred thousand dollars worth of of unreported income as non-business income and overstated deductions. And it's clearly erroneous for the bankruptcy court to say that the amount of income was zero. If we were to look at just what you've been talking about, the stipulated factors, there's no reason for any any remand for retrial. Is there isn't it? Isn't it the same problem you have in tax court settling an order under 155? Well, there are two there are two other factors, two other reasons why you're limiting. Now, just what I've said, the stipulated material. OK. If it were just the stipulated material, then I think it could be done fairly computationally. But there are a couple of other issues that make it so the district court needs to make more factual findings. The first is the bankruptcy court. The bankruptcy court. Excuse me. The first is with penalties and interest. The bankruptcy court awarded zero penalties and zero interest when debtor filed his tax returns several years late. And did he have extensions? No. And and besides that, they remained unpaid up until the time bankruptcy was declared to the government. It had seized a few assets, but but the claims were not fully paid by the time bankruptcy was declared or by the time the proof of claim was submitted. So the the bankruptcy court originally bifurcated the trial. And the second phase of the trial was to be to determine interest and penalties. And the bankruptcy court sort of took his hands and said, oh, well, I'll just go with what's on the what's on the original tax returns without calculating interest or penalties. That also is clearly erroneous. And that is a little more than just computation, because there was going to be an entire phase of the trial on that issue. The last thing is that required trial to determine the interest and penalties. I'm not sure, Your Honor, but. But that's all I can say is that it's I don't know. So that's one issue in which a remand would be necessary. I think a remand would be necessary. The other one is with unreported business income. Now, while I did say that the government has conceded the burden of proof, the bankruptcy's determination is still clearly erroneous on that issue. The bankruptcy court determined there was zero unreported business income. And now the government brought forth a number and said, well, we think that there's about a million dollars worth of unreported business income. And there were errors in the methodology used by the IRS. The trustee's answer was to come forth and say, well, well, my my witnesses have followed the internal revenue manual. They have used the bank deposits method, the correct method, and they have come forth with a substantially correct approximation. And their number was it was around four hundred thousand dollars. Now, if the trustee's own witnesses say that they have a substantially correct approximation around four hundred thousand dollars, I submit that it's clearly erroneous to find that there was zero unreported business income. Now, because the government is not required to prove an exact amount. Trustee makes much of the fact that it was not a concession of an exact amount of the debtor's income. The government agrees it's not a concession of an exact amount. However, it is evidence of a of a substantially correct approximation. And that is all the government is required to prove in cases like this with where the IRS is required to indirectly reconstruct the debtor's income. There's no way that the government can come forth with an exact number. The best they can ever do is a is an approximation. This court has used language that arithmetic precision is not necessary in these cases. Well, maybe after this case, we'll think differently. You know, here we go. The government for the first time in ages has to prove up its deficiency without the benefit of the presumption of correctness. And then they fall on their face. What does it tell us about all those zillions of other cases in tax court and district court where you've got benefit of the presumption? Hopefully nothing. I wish that were the case. But, you know, it's really sort of all of a sudden you find yourself in the real court for the first time and have to prove things up just like any other party. And by your own admission, your people, the gray and eye shades and the IRS do a terrible job. Well, occasionally they make a light show by DNA on death cases. You discover suddenly that all these people on death row didn't do it. It will not be surprising. This is not the first time the government has made mistakes. However, the Supreme Court said in tax matters or otherwise. But the Supreme Court said in Halvering v. Taylor that the fable held that when when someone opposes the government's tax claim, it is often the case that the evidence disproving the government's amount will prove the correct amount. That's what happened in this case. The trustee's evidence proved the government's case. Well, OK, a fraction of the government's case proved what can be considered a substantially correct amount. I think this is not a sport. The government should wave the presumption of correctness in every 10th case and actually go through the exercise of proving its case just to keep in shape. Let me come back to your point. Are you conceding that the three hundred and eighty eight thousand is the correct amount of unreported business income that we don't send it back for trial? I'm not I'm not that that was proving prove the correct amount of the deficiency. It is a substantially correct approximation. And I don't know. Why do we need a new trial? Well, it's there. There are other methods proposed before the bankruptcy court that it could find a substantially correct approximation. Well, that seems like a judicial resources. If you are a concede that three hundred eighty eight thousand is pretty close to the correct amount of the deficiency. Why can't we just stand on that? Well, the bankruptcy court is the court that had all the evidence for it. And I think as one of the violent factors is to preserve the fact finding. Well, but there doesn't seem to be a need for further fact finding. If you agree that the trustee is determined approximately the correct amount of unreported business income. Three hundred eighty eight thousand dollars. Well, although the trustee has admitted that is a substantially correct amount. However. And so have you. It's not it's not the only number available to the bankruptcy court. Why does why should we send it back for the bankruptcy court numbers when you tell us that's a substantially correct amount? I'm saying that the trustee and his witness earlier you said that in this case, the trustee proved the correct amount of the deficiency in the course of your argument. I think I said that the trustee submitted the number that he said was substantially correct. You also said that. But that's not all you said. You said the evidence proves your case. You said that was correct. But now there there are there are different numbers that have been proved for using the evidence. But it's not the only number that the bankruptcy court can use. You don't think that maybe, you know, Mr. Gordon could just go to lunch and work it out. You know, this is this is a bankruptcy estate, right? There's not going to get any more money. The money is only getting less. Clock is running. You're talking about every day that this thing goes on. There's going to be less and less and less. I don't know what this amount of the estate is, but maybe less for the government. Certainly less for the creditors. Why don't you guys go to lunch and just settle it. I mean, you're both smart lawyers. I can tell, you know, you both know what's going on. Unfortunately, I'm not authorized to settle the case. But you've got a cell phone, don't you? Take your cell phone to lunch. I mean, if not, you can you can you can use a pay phone. So where's the charges to Washington? They know how to do that. You know how to call the Washingtons. What is this? Are we talking about this? So this is something that's in the range that requires the deputy attorney general's approval? I'm not sure. You know, this is just formality. These things are obtained. You want to give it a try? I mean, it sounds to me like you really both know what's going on. And this is going to be just a lot more money and a lot more work and a lot less in the end for everybody. Well, the fact that the rules of law, the fact that the estate is diminishing, I think it's just one more reason why this court should not exercise its jurisdiction. Well, it might be one of those things, but you can obviate all that, even sort of keep us from sort of exercising jurisdiction when we don't have it. You know, you could prevent us from doing the wrong thing by settling the case. You see, you'd be doing a favor not only for the government and the state, but also to this court. Well, it requires agreement by two parties, which I'm not sure we have in this case. Are you sure you won't have it? Should we defer submission of this case for a few days to see whether you can reach agreement? Can we try talking to our mediators? Those things are beyond my control, Your Honor. The Department of Justice, the area of the Department of Justice dealing with settlements is past this long before it got to me, Your Honor. I'm sorry? The Department of Justice overseeing settlements. Yeah, but the control of a tax case, doesn't it shift to counsel when the minute that it's in the district court? I'm not sure, Your Honor. Okay. Okay, so you're saying you're not used to wait until it got to the tax counsel before I ever settled one, but it may be the case that people got reasonable. It may be the case that the parties would settle after this went back to the bankruptcy court. But I can't. I'm not sure about that. Well, as you said, you might you might you might spare yourself an opinion you don't like. Mr. Gordon, what do you think about this? I think this is capable of resolution. What are you talking about? I think you had about three minutes, right? Three minutes, 17 seconds, Your Honor. The court wants my comments concerning settlement. You can speak on the merits until the time runs out. Very quickly, Your Honor. Whichever way you want to do it. On the merits, on the issues, Your Honor, before the bankruptcy court, there were two causes of action in essence. 11 U.S.C. 502, which is a proof of claim, and 11 U.S.C. 505, a determination of tax liability. The district court opinion does not address 502. The district court only makes their holding under 505. The government's brief before this court really addresses only 505, and they don't do it for a very good reason, because under 502, meaning the proof of claim section, they cannot prevail. And I submit to this court, that's the central legal issue here. What is the responsibility of the government under the circumstances that they found themselves in in the bankruptcy court to prove up their proof of claim? What are the legal requirements, and did they meet those requirements? And I submit to the court, based on record, they did not. The bankruptcy court found they did not. And I also submit the district court reading, as I read it, the district court found they did not. But again, the district court did not specifically address 502. They confused the issue, and the government is doing the same thing before this court. Their whole case is premised on 505. A determination should be made under 502. Now, as to the last one minute, first of all, as to the trustees' accountants, their work papers and their testimony, even the district court said those are not admissions. Simple fact is, Your Honors, there's no additional evidence to be submitted to be brought out in a bankruptcy court if this court was to revand. This was a long, drawn-out process over five years before we ever had the actual trial. The trial lasted four days. There's no additional evidence. There's no necessity for a trial. The government can't provide one scintilla of thought as to what evidence would be produced in a remanded case for trial. And as I read the district court opinion, I'm not even sure it's remanding for a trial. I'm not quite sure, frankly, what the remand is all about that's being talked about by district court. Now, in the last 22 seconds, Your Honor, as to the settlement, while it's not in the record, unfortunately, I don't think this case will ever settle, not for want of trying. It's because the government bureaucracy, they frankly can't get their act together. This has been a long, drawn-out thing. This case should have been settled. It should have been disposed of without trial in bankruptcy court. It didn't happen, not for want of trying on numerous occasions. Okay. Thank you. Thank you. I'm just going to get the message in case this argument stands a minute.
judges: Beezer, Noonan, Schwarzer